Samuel H. Hofstadter, J.
Heretofore the defendant moved for dismissal of the complaint pursuant to subdivision 6 of rule 107 of the Buies of Civil Practice or for alternative relief. The latter was not reached since the motion was granted dismissing the complaint pursuant to subdivision 6 of rule 107. (23 Mise 2d 349.)
The letters of counsel are placed on file, and the matter has been reconsidered on plaintiff’s application for reargument. Beargument is granted. It is a fact that by the notice of motion defendant sought judgment dismissing the complaint upon the ground of release, reliance being placed upon the specified document dated January 28, 1958. Since that document appears to be a release of lien only, it could not support a demand for judgment upon a claim of release of the debts in suit. At least a triable issue is raised whether the document was intended as anything more than a release of lien. Moreover, in its supporting affidavit, defendant indeed did not rely alone on that release. As further support of its motion defendant relied on waiver resulting from the operation of general condition No. 25 of the contract and the making and acceptance of the final payment. Plaintiff joined issue thereon in an endeavor to demonstrate that at the time of making and acceptance of the final payment there were then pending certain claims “ previously made and still unsettled” which is a circumstance excepted from the operation of waiver pursuant to general condition No. 25. On that phase of the motion, too, plaintiff is entitled to a trial (Cordes v. California Ins. Co., 6 A D 2d 985). For the purpose of the motion the numerous explicit statements in the complaint and affidavit must be deemed to survive the correspondence and tender an issue not now determinable. It is also to be noted that the claims in suit are not on the contract but are based on defendant’s breaches of contract.
It is therefore necessary now to pass to the relief sought by the notice of motion in the alternative. First, defendant seeks dismissal of the second cause of action for legal insufficiency. While It is permissible to join in one complaint counts on contract and for quantum meruit, in this instance in the second *367 cause plaintiff reiterates all of the allegations of the first cause on contract and then alleges that at defendant’s special instance and request it performed work, labor and services and furnished material of a stated agreed price and reasonable value upon which a stated sum was paid, leaving due and owing a sum which is the same sum claimed to be due upon the first cause of action. Since the contract forming part of the second cause is upon the basis of the pleadings presumed to be valid, a cause for quantum meruit is not stated.
Next, defendant seeks relief pursuant to rule 90. In its first cause of action, plaintiff refers to certain representations and warranties with respect to the plans and specifications furnished to it and that the work to be done by the defendant would accord with those plans and specifications, fit and match the work to be performed by plaintiff and all work would be co-ordinated accordingly. Difficulties and damage arose by reason of defendant’s failure to perform in accordance with such representations and warranties and defendant’s contract was thus breached. Thus, plaintiff relies on the representations and warranties as part of the contract claimed to be breached. They are set forth in part as the measure of the defendant’s contractual obligation and failure to comply therewith.
Accordingly, upon reargument the motion is granted to the extent of dismissing the second cause of action for insufficiency, and the motion is in all other respects denied with leave to plaintiff to serve an amended complaint in which, in addition to the first cause of action on contract, it may state, upon appropriate allegations, an additional cause in quantum meruit.